IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-770-MHT |
| ) | [WO] |
| REGIONS BANK, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Dennis Nelson ["Nelson"], an inmate confined at a correctional facility in Comstock, New, York, complains that in December of 2005 Regions Bank ["Regions"] failed to provide him "blank checks" upon his opening an account. *Plaintiff's Complaint* at 2. Nelson asserts he now has no access to his funds because he does not remember the address for Regions. *Id*. at 3.

Upon review of the complaint, the court concludes that dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law whose conduct is reasonably attributable to the State committed the alleged constitutional deprivation. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S.

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*. Likewise, to proceed in a suit filed under *Bivens*,[2] the challenged actions must have been undertaken by federal officials acting under color of federal law whose actions are attributable to the government. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Dean v. Gladney*, 621 F.2d 1331,

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2

1336 (5th Cir. 1980), *cert. denied*, 450 U.S. 983 (1981).[3] Although a financial institution may act "'with the knowledge of and pursuant to'" applicable state and federal laws, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 162, n. 23, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), thereby "satisfying the first requirement, [a plaintiff] still must satisfy the second, whether the allegedly unconstitutional conduct is fairly attributable to the State [or federal government]." *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985.

A financial institution such as Regions is not a person within the meaning of 42 U.S.C. § 1983. Moreover, the actions about which Nelson complains were not committed by a state or federal actor and such actions likewise clearly resulted from "merely private conduct" excluded from the reach of § 1983 and *Bivens*. In light of the foregoing, the court concludes that the claims presented against the named defendant are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before September 11, 2006 the parties may file any objections to the Recommendation. Any objections filed must specifically identify the findings in the

---

[3] 3. Cases dealing with actions of defendants under 42 U.S.C. § 1983 are equally applicable to *Bivens* claims. *Abella*, 63 F.3d at 1065.

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of August, 2006.

/s/ Delores R. Boyd
UNITED STATES MAGISTRATE JUDGE